UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SAM LI, individually and on behalf all other employees similarly situated,

        Plaintiff,

v.

FU HING MAIN RESTAURANT, INC. d/b/a FUHING CHINESE RESTAURANT , MAN CHEE LI and JIA XING CHEN

        Defendants

Case No.

**COLLECTIVE ACTION COMPLAINT**

Plaintiff Sam Li ("Li" or " Plaintiff") on his own behalf and on behalf of all others similarly situated hereby files this complaint against the Defendants FU HING MAIN RESTAURANT, INC. d/b/a FUHING CHINESE RESTAURANT , MAN CHEE LI ("Li") and JIA XING CHEN ("Chen") (collectively "Defendants") and alleges the following:

**INTRODUCTION**

1.    This is an action brought by Plaintiff on his own behalf and on behalf of similarly situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), the Massachusetts Wage Act, MASS. GEN. LAWS CH. 149, §§ 148, 150 ("Wage Act"), and the Massachusetts Minimum Fair Wage Act, MASS. GEN. LAWS CH. 151, §§ 1A-1B ("MFWA") (collectively, "Massachusetts State Law"), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.    Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and the Massachusetts State Law by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, compensation for all

hours worked, minimum wage, and overtime compensation for all hours worked over forty (40) each workweek.

3. Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid wages and minimum wages, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

4. Plaintiff further alleges pursuant to Massachusetts State Law that he is entitled to recover from Defendants: (1) unpaid wages and minimum wages, (2) unpaid overtime compensation and wages, (3) prejudgment and post-judgment interest; and (4) attorney's fees and costs.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the Massachusetts State Law claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the District Court of Massachusetts pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

7. Plaintiff Li is a resident of Pennsylvania and was employed as a delivery person by Fu Hing Main Restaurant, Inc. d/b/a Fuhing Chinese Restaurant located at 200 Main St Haverhill, MA 01830 from December 2013 to December 2015.

## DEFENDANTS

8. Upon information and belief, Defendant, Fu Hing Main Restaurant, Inc. owns and operates a Chinese restaurant named Fuhing Chinese Restaurant located at 200 Main St, Haverhill, MA 01830. Fuhing Chinese Restaurant is primarily a take-out and delivery restaurant with eat-in as an option for customers.

9. Upon information and belief, Defendant, Fu Hing Main Restaurant, Inc. d/b/a Fuhing Chinese Restaurant had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, Fu Hing Main Restaurant, Inc. purchased and handled goods moved in interstate commerce.

10. Upon information and belief, Defendant Li is the owner, officer, director and/or managing agent of Fu Hing Main Restaurant, Inc. at 200 Main St Haverhill, MA 01830, and participated in the day-to-day operations of Fuhing Chinese Restaurant and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, Mass. Gen. L. c. 149, § 148 and the regulations thereunder, and is jointly and severally liable with Fu Hing Main Restaurant, Inc.

11. Upon information and belief, Defendant Li owns the stock of Fu Hing Main Restaurant, Inc. and manages and makes all business decisions including but not limited to the amount of salary employees receive and the number of hours employees work.

12. Upon information and belief, Defendant Chen is the owner, officer, director and/or managing agent of Fu Hing Main Restaurant, Inc. at 200 Main St Haverhill, MA 01830, and participated in the day-to-day operations of Fuhing Chinese Restaurant and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations

3

promulgated thereunder, Mass. Gen. L. c. 149, § 148 and the regulations thereunder, and is jointly and severally liable with Fu Hing Main Restaurant, Inc.

13. Upon information and belief, Defendant Chen owns the stock of Fu Hing Main Restaurant, Inc. and manages and makes all business decisions including but not limited to the amount of salary employees receive and the number of hours employees work.

14. At all times relevant herein, Fu Hing Main Restaurant, Inc was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

15. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Fu Hing Main Restaurant, Inc.

16. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned minimum wages and overtime compensation.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

17. Pursuant to the state law requirements as set forth in Mass. Gen. L. c. 149 §150, Plaintiff filed state law statutory claims with the Office of the Attorney General on March 3, 2017. Plaintiff received authorization from the Office of the Office of the Attorney General to proceed on these claims on behalf of himself and others similarly situated by letter dated March 8, 2017.

18. Plaintiff has fulfilled all conditions precedent to the institution of this action and/ or conditions have been waived.

## STATEMENT OF FACTS

19. Defendants committed the following alleged acts knowingly, intentionally and willfully.

20. Defendants knew that the nonpayment of wages, minimum wages, and overtime pay would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

**PERIOD I : December 2013 to December 2014**

21. From December 2013 to December 2014, Plaintiff worked as a delivery person for Defendants' restaurant located at 200 Main St Haverhill, MA 01830.

22. During this period, Plaintiff worked seven (7) days a week. Specifically, he worked from around 11:00 am to 11:00 pm from Monday through Thursday without break each day for about twelve (12) hours per day. On Friday and Saturday, he worked from 10: 30 am to 12:00 am without break each day for about thirteen hours and a half (13.50) hours per day. On Sunday, he worked from 12:00 pm to 11:00 pm without break for eleven (11) hours. As a result, Plaintiff worked about eighty-six (86) hours a week during this period.

23. Throughout this period, Plaintiff was paid by fixed monthly rate regardless of the actual hours he worked and was paid $1,200 a month entirely in cash.

**PERIOD II : January 2015 to December 2015**

24. From January 2015 to December 2015, Plaintiff worked six days a week with generally one day off on Tuesday. His daily work schedule was the same as stated for Period I except he did not work on Tuesday. As a result, Plaintiff worked about seventy-four (74) hours a week during this period.

25. Throughout this period, Plaintiff was paid by fixed monthly rate regardless of the actual hours he worked and was paid $1,200 a month entirely in cash.

26. During Plaintiff's employment with the Defendants, the Restaurant charged a minimum of $10 for delivery orders. For each delivery order, the Restaurant gave $1.50 to Plaintiff in addition to any tips from the customer.

27. Defendants did not compensate Plaintiff for minimum wage or overtime compensation as required by state and federal laws.

28. The applicable minimum wage for the period of July 4, 2013 through December 31, 2014 was $8.00 per hour.

29. The applicable minimum wage for the period of January 1, 2015 to December 31, 2015 was $9.00 per hour.

30. Defendants did not have any timekeeping system to properly record Plaintiff's hours worked, and they did not require Plaintiff to record his hours worked.

31. Defendants did not provide Plaintiff with a tip credit notice at the time of hire or anytime thereafter.

32. Defendants committed the following alleged acts knowingly, intentionally and willfully.

33. Defendants knew that the nonpayment of minimum wage and overtime premium would economically injure Plaintiff and the Class Members by violating federal and state laws.

34. While employed by Defendants, Plaintiff was not exempt from federal and state laws requiring employers to pay employees overtime.

35. Plaintiff and the Massachusetts Class Members' workdays frequently lasted longer than 10 hours.

36. Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

37. Defendants committed the foregoing acts against the Plaintiff, the FLSA Collective Plaintiff, and the Class.

**COLLECTIVE ACTION ALLEGATIONS**

38. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the Massachusetts State minimum wage to Plaintiff or other similarly situated employees.

39. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the Massachusetts State overtime rate (of time and one-half), in violation of the FLSA and Massachusetts State Law and the supporting federal and Massachusetts State Department of Labor Regulations.

40. Plaintiff brings this action individually and on behalf of all other and former non-exempt employees who: have been or were employed by the Defendants at any of their three restaurant locations during the three (3) years prior to the filing of this action, through entry of judgment in this case (the "Collective Action Period"); and failed to receive minimum wages, overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members") in contravention of federal and state labor laws.

41. Upon information and belief, the Collective Action Members are so numerous that the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than ten (10) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual

7

suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collective action under the FLSA, 29 U.S.C. §216(b).

42. Plaintiff will fairly and adequately protect the interests of the Collective Action Members, and has retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

43. This action should be certified as a collective action because the prosecution of separate actions by individual members of the collective action would risk creating either inconsistent or varying adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of other members not party to the adjudication, or would subsequently impair or impede their ability to protect their interests.

44. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

45. Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether the Defendants failed to pay the Collective Action Members the minimum wage in violation of the FLSA and the regulations promulgated thereunder;

c. Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

d. Whether the Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and,

e. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

46. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

47. Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

**STATEMENT OF CLAIM**

**COUNT I**
**[Violations of the Fair Labor Standards Act—Minimum Wage**
**Brought on behalf of the Plaintiff and the FLSA Collective]**

48. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

49. At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of

"goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §§206(a) and §§207(a). Further, Plaintiff is covered within the meaning of FLSA, U.S.C. §§206(a) and 207(a).

50. At all relevant times, Defendants employed "employees" including Plaintiff, within the meaning of FLSA.

51. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

52. The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. § 206(a).

53. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the collective action members, for some or all of the hours they worked.

54. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

55. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

### COUNT II
### [Violation of Massachusetts Minimum Wage Law]

56. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

57. At all relevant times, plaintiff was employed by Defendants within the meaning of Mass. Gen. L. c. 149 § 148.

58. Pursuant to Mass. Gen. L. c. 151 § 1, an employer who fails to pay the minimum wage shall be liable for treble damages which are three times the total of under-payments found to be due the employee.

59. Defendants knowingly and willfully violated Plaintiffs' and Class Members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

## COUNT III
### [Violations of the Fair Labor Standards Act—Overtime Wage Brought on behalf of the Plaintiffs and the FLSA Collective]

60. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

61. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

62. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

63. Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

64. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff

and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

65. The FLSA and supporting regulations required employers to notify employees of employment law requirements. 29 C.F.R. §516.4.

66. Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

67. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT IV
**[Violation of Massachusetts Labor Law—Failure to Pay Wages Earned]**

68. The Massachusetts Wage Act provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in an amount equal to treble their unpaid overtime compensation as liquidated damages. (*see Lambirth v. Advanced Auto, Inc.*, 140 F. Supp. 3d 108 [D. Mass. 2015]).

69. Defendants' conduct, as set forth above, in failing to pay their employees, including time-and-a-half pursuant to the FLSA, violates the Massachusetts Wage Act, Mass. Gen. L. c. 149, §148. This claim is brought pursuant to Mass. Gen. L. c. 149, §150.

**Prayer For Relief**

WHEREFORE, Plaintiff, on behalf of himself and the FLSA collective plaintiffs, respectfully requests that this court enter a judgment providing the following relief:

a) Authorizing plaintiff at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall inform them that the civil action has been filed, the nature of the action, and their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b) Certification of this case as a collective action pursuant to FLSA;

c) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffand his counsel to represent the Collective Action Members;

d) A declaratory judgment that the practices complained of herein are unlawful under FLSA and Massachusetts State Law;

e) An injunction against Fu Hing Main Restaurant, Inc., its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f) An award of unpaid wages and minimum wages due Plaintiff and the Collective

Action members under the FLSA and Massachusetts State Law, plus compensatory and treble liquidated damages under Massachusetts State Law, and interest;

g) An award of unpaid overtime premium due Plaintiff and the Collective Action members under the FLSA, plus compensatory and treble damages under Massachusetts State Law and interest;

h) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages, minimum wages and overtime compensation pursuant to 29 U.S.C. §216;

i) An award of treble damages as a result of Defendants' willful failure to pay wages and minimum wages pursuant to Massachusetts State Law;

j) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and Mass. Gen. L. c. 149 § 150;

m) The cost and disbursements of this action;

n) An award of prejudgment and post-judgment fees;

o) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff, on behalf of himself and the Collective Action Members, demands a trial by jury on all issues triable as of right to a jury.

/s/Howard M. Brown
Howard M. Brown, Esq. (BBO#547948)
Boston Employment Law PC
1170 Beacon St. Suite 200
Brookline, MA 02446
617-566-8090
hmb@bostonemploymentlaw.com
*Attorneys for Plaintiff*

**HANG & ASSOCIATES, PLLC**

/s/  *Jian Hang*
Jian Hang, Esq.
   (*pro hac vice* application forthcoming)
136-18 39th Ave. Suite 1003
Flushing, NY 11354
718-353-8588
jhang@hanglaw.com
*Attorneys for Plaintiff*

Dated: April 18, 2017

**EXHIBIT A**

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by Fu Hing Main Restaurant Inc., Man Chee Li, Jia Xing Chen and/or related entities and individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

Sam Li
Full Legal Name (Print)

_[signature]_
Signature

2/27/17
Date