UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
------------------------------------------------------------ X
SAM LI,

                              Plaintiff,                Case No. 17-CV-10670 (MPK)

                -against-

FU HING MAIN RESTAURANT, INC.,
d/b/a Fuhing Chinese Restaurant,
MAN CHEE LI AND XING CHEN,

                             Defendants.
------------------------------------------------------------ X

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

                                                  Ricardo R. Morel, Esq.
                                                  39-15 Main Street – Suite 318
                                                  Flushing, NY 11354
                                                  Telephone:    (454) 362-8960
                                                  Email: Esquire1998@gmail.com
                                                  *Attorney for Defendants*
                                                  *Fu Hing Main Restaurant, Inc. and*
                                                  *Man Chee Li*

Defendants Fu Hing Main Restaurant, Inc. d/b/a Fuhing Chinese Restaurant, and Man Chee Li, (collectively the "Defendants") by their attorney Ricardo R. Morel, Esq., move for summary judgment on the grounds that the Defendant restaurant is not a covered enterprise under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq., and Plaintiff is not a covered individual.

## I.   INTRODUCTION

Plaintiff, a delivery person, alleges that Defendants have not complied with the requirements of the FLSA. To prevail at trial, Plaintiff must establish that he is covered by the FLSA by showing either that he was: (i) "employed in an enterprise engaged in commerce or in the production of goods for commerce" ("enterprise coverage"); or (ii) "engaged in commerce or in the production of goods for commerce" ("individual coverage"). 29 U.S.C. §§ 207(a)(1), 206(e). To establish enterprise coverage, Plaintiff must show that the restaurant does at least five hundred thousand dollars of business every year. As a delivery man who delivered to customers entirely within the Commonwealth of Massachusetts, Plaintiff was not engaged in interstate commerce or in the production of goods for commerce.

Defendants have produced the restaurant's federal income tax returns and bank statements for the relevant time period. Plaintiff has been given an opportunity to conduct discovery. He has produced no evidence related to FLSA coverage. Notwithstanding Plaintiff's extravagant claims,[1] he will not be able to establish the requisite coverage under the FLSA. For that reason, Plaintiff's claims under the FLSA should be dismissed, and the Court should decline to exercise jurisdiction over Plaintiff's state law claims.

---

[1] Plaintiff has tendered to Defendants a "Damages Calculation" in exceeding $498,000.00 for less than two years of work as a delivery man earning in excess of $4,000.00 per month, plus rent-free housing, utilities and meals.

## II.   FACTS

Defendant Fu Hing Main Inc. d/b/a Fuhing Chinese Restaurant ("Fu Hing") is a small restaurant in Haverhill, MA that occupies approximately 1,000 square feet. (Li Decl. ¶ 4.) [2]

This is not an eat-in restaurant. Rather, Fu Hing's business consists almost entirely of local deliveries to residential low-income, blue-collar customers. (Li Decl. ¶¶ 4, 9.) During warm weather, business is slow, with about 700 orders per month. In the winter, it is somewhat better, with about 800 orders per month (Li Decl. ¶ 7). At any one time, Fu Hing employs three or four full-time employees inclusive of Defendant Li (Li Decl. ¶ 6). The amount of business does not justify having more than one delivery person, even part-time as needed, at that. (Li Decl. ¶ 4.)

Plaintiff worked for the restaurant as a delivery person from approximately January 2014 to November 2015 (Li Decl. ¶ 2). He never left Massachusetts – or Haverhill (pop. 62,000) for that matter – while delivering food for the restaurant (Li Decl. ¶ 8; Pl. Dep. 81-10-12; 82:5-7.) [3] He brings this action on his own behalf, and no longer seeks class action status.

According to Defendant's federal tax returns, corroborated by transcripts from the Internal Revenue Service and an accountant, Defendant's annual sales never approached $500,000.00 in gross sales during the relevant period (Li Decl. ¶ 3 ). An audit by Massachusetts Executive Office of Labor performed an audit for the calendar year 2014, as it does every three years, and it verified the accuracy of Defendant's financial records (Li Decl. ¶ 11). Defendant Li swore in her affidavit that the tax returns are authentic, and properly signed (Li Decl. ¶ 10).

---

[2] Li Decl. ¶ ___ refers to the Declaration of Man Chi Li in Support dated April 8, 2018.
[3] Pl. Dep. P: __ refers to Plaintiff's Deposition on January 23, 2018.

### III. ARGUMENT

#### A. Legal Standard.

To prevail on summary judgment, Defendants must demonstrate that "there is no genuine dispute as to any material fact," and, thus, that they are "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Rocafort v. IBM Corp.*, 334 F.3d 115, 119 (1st Cir. 2003).

As Plaintiff has the burden of proof at trial, the Defendants' ability to satisfy this standard as to any "essential element" of that claim "necessarily renders all other facts immaterial" and entitles them to Summary Judgment. *Celotex Corp. v. Catrell*, 477 U.S. 317, 322-23 (1986).

On summary judgment, Defendants have the initial burden to show the absence of a genuine dispute over facts relevant to Plaintiff's claim that would allow a reasonable jury to return a verdict for the Plaintiff. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). As Plaintiff has the burden of proof at trial, Defendants may make their *prima facie* showing of entitlement to summary judgment by either pointing to evidence that negates the Plaintiff's claim, or identifying those portions of Plaintiff's evidence that demonstrate the absence of a genuine issue of material fact. Fed. R. Civ. P 56, 28 U.S.C.A.; *Armstrong v. Lamy*, 938 F.Supp. 1018 (D. Massachusetts 1996).

Where the moving party does not have the burden of proof at trial, "that party must make a showing by pointing out to the District Court that the evidence is insufficient to support the non-moving party's case." *Id.* (quoting *Celotex*, 477 U.S. at 325) (internal quotations omitted).

Once this showing has been made, it is up to the non-movant to offer sufficient competent evidence to establish the existence of a genuine issue of material fact. *Id.* at 1027. "Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is appropriate, after adequate time for discovery and upon motion, against a party who fails to make a showing

sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id*. (quoting *Celotex*, 477 U.S. at 322).

If Defendants make this showing in either manner, the burden shifts to Plaintiff to point to record evidence creating a genuine issue of material fact. Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Plaintiff cannot rest on allegations in the pleadings and must point to specific evidence in the record to carry his burden on summary judgment. *Celotex*, 477 U.S. at 324; *Matsushita*, 475 U.S. at 586. In order to defeat a motion for summary judgment, Plaintiff "must do more than simply show that there is some metaphysical doubt as to the material facts .... He must come forward with specific facts showing that there is a genuine issue for trial." *Matshushita*, 475 U.S. at 586-87. *See*, e.g., *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002).

Plaintiff cannot merely argue that the jury might disbelieve the Defendants without offering concrete evidence from which a reasonable juror could return a verdict in the Plaintiff's favor. *Anderson*, 477 U.S. at 256.

Here, Defendants show that Plaintiff's evidence is insufficient to support its case. There are no triable issues of material fact.

### B.  Plaintiff Was Not a Covered Employee Under the FLSA

Plaintiff bears the burden of establishing coverage under the FLSA. *Martinez v. Petrenko*, 792 F.3d 173, 175 (1st Cir. 2015) (citing 29 U.S.C. §203(s)(1)(A); 29 C.F.R. §779.259). *See*, *Cruz v. Boston Litigation Solutions*, 2016 WL 3568254 at *5 (D. Mass.). Plaintiff is subject to FLSA only where he is "employed in an enterprise engaged in commerce or in the production of goods for commerce" or if he himself is "engaged in commerce or in the production of goods for commerce." 29 U.S.C. §§ 206(a), 207(a)(1);

*Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 295 n.8 (1985). Not only this, but the employee must also show that the employer is an enterprise whose annual gross volume of sales made or business done is <u>not less than $500,000.00</u>. *Martinez* at *5. Therefore, Plaintiff's failure to demonstrate an issue for trial on the issue of coverage under the FLSA, based on either the enterprise or individual theory, is a proper basis for dismissing his FLSA claim. *Celotex*, 477 U.S. at 322-23.

Defendants do not rest their motion solely on the argument that Fu Hing is not engaged in interstate commerce, however. Courts have recognized that "virtually every enterprise in the nation doing the requisite dollar volume of business is covered by the FLSA." *Cruz* at *6 (quoting *Drice v. My Merchant Servs., LLC*, 2016 WL 1266866, at *4 (E.D.N.Y. Mar. 4, 2016)).

 Concomitant with the distinction to be observed where Plaintiff merely transported locally-prepared food to local customers for immediate consumption, Plaintiff cannot overcome the threshold requirement that Defendants have an annual gross of sales volume not less than five hundred thousand dollars.

 While the Court must view the record in the light most favorable to the non-moving party and indulge all reasonable inferences in that party's favor (See *O'Connor v. Steeves*, 994 F.2d 905, 907 (1st Cir. 1993), "[a]s to any essential factual element of its claim on which the non-movant would bear the burden of proof at trial, its failure to come forward with sufficient evidence to generate a trial-worthy issue warrants summary judgment to the moving party." *Cruz*, WL 3568254 at *5.

1. **Defendant Fu Hing Main is not an enterprise covered by the FLSA for purposes of Plaintiff's complaint because its annual gross volume of sales made or business done does not even approach $500,000.00**.

Simply put, to prove that he is the employee of an enterprise engaged in commerce or in the production of goods for commerce, Plaintiff must establish that Fu Hing Main is an enterprise "whose annual gross volume of sales or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated)." 92 U.S.C. §203(s)(1)(A). Plaintiff simply cannot carry this burden of proof.

Defendants offer evidence that negates the Plaintiff's claim that Fu Hing Main is an enterprise within the meaning of the FLSA. Defendant's affidavit, supported by documentary evidence, shows that Fu Hing is a small take-out restaurant whose revenue is almost totally derived from take-out orders and deliveries each in an average amount of less than $10.00.

Defendants support their affidavit with Fu Hing Main's federal tax returns showing that during the relevant period, the restaurant grossed considerably less than $500,000.00 annually. (Li Decl. ¶¶ 3, 12; Ex A). The Tax Return for 2014 shows annual gross sales of **$258,646.00**; the Tax Return for 2015 shows annual gross sales of **$301,643.00**; and for 2016, the tax return shows annual gross sales of **$171,135.00** (**Ex A**).

Defendants have also provided the restaurant's bank statements for the relevant period. The bank statements reflect total deposits of **$253,850.85** from 12/01/13 to 12/31/14 (**Ex. B**); and **$245,392.94** from 01/01/2015 to 12/31/2015. (**Ex. C**). [4]

Therefore, Defendants' evidence justifies a *prima facie* entitlement to summary judgment because Fu Hing Main did not gross $500,000.00 for each year during the relevant period.

---

[4] Note that amounts reported to IRS are greater than amounts reflected in bank deposits (Ex B), indicating honesty in reporting even retained cash.

*See*, e.g., *Li v. Zhao,* 35 F.Supp.3d 300, 306 (E.D.N.Y. 2014) (defendant in FLSA case made *prima facie* showing of entitlement by providing tax returns and bank statements). Thus, the burden shifts to Plaintiff to provide concrete evidence from which a reasonable juror could return a verdict in Plaintiff's favor. *Anderson*, 477 U.S. at 256.

Again, with opportunity to conduct discovery, Plaintiff has not produced a shred of evidence to contradict Defendant's contentions, which are based on authentic documentation. This is woefully insufficient for a reasonable juror to return a verdict in Plaintiff's favor that the restaurant grossed at least $500,000.00 in sales for 2014 and 2015.

During the deposition of Plaintiff on 01/23/2018, Plaintiff's counsel stated that Plaintiff had no documentary evidence in this regard, and that Plaintiff could not remember how he reached the conclusions asserted in his complaint. (Pl. Dep. Page 72, page 72, pars. 2-13). Referenced pages from Plaintiff's Deposition are attached as **Exhibit D**.

Accordingly, Defendants are entitled to summary judgment in their favor that there is no enterprise coverage under the FLSA.

**2. Plaintiff was not "engaged in the production of goods for commerce," nor was he otherwise "engaged in commerce."**

To demonstrate individual coverage, Plaintiff must show that he is engaged in commerce or in the production of goods for commerce. 29 U.S.C. §§ 206(a)(1). For purposes of individual coverage, the plaintiff is an employee (i) "engaged in the production of goods for commerce," when he "handles or otherwise works on goods intended for shipment out of the State, directly or indirectly;" or (ii) otherwise "engaged in commerce," when he "performs work involving or related to the movement of persons or things ... among the several States or between any State and any place outside thereof." 29 C.F.R. §§ 779.103, 779.104.

8

Plaintiff was a delivery person who worked entirely within the town of Haverhill. The Chinese food he delivered was promptly consumed by nearby customers who were within the State of Massachusetts. Plaintiff was not involved in handling or otherwise working on goods intended for shipment out of the state. Nor was Plaintiff's work as a delivery man involving or related to the movement of things among the several states. Therefore, Plaintiff cannot show an issue of fact for trial regarding individual coverage. *Li*, 35 F.Supp.3d at 309 (delivery person not an individual covered under FLSA).

### C. Plaintiff's Pendant State Law Claims Should be Dismissed.

Plaintiff requests the Court to exercise supplemental jurisdiction over his pendent state law claims arising under Massachusetts laws. As set forth above, Plaintiff cannot avoid summary judgment against his federal claims arising under the FLSA. In the "usual case in which all federal law claims are eliminated before trial" the relevant factors of "judicial economy, convenience, fairness and comity," which the district courts should consider before declining to exercise supplemental jurisdiction under 28 U.S.C. §1367(c), will "point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohil*, 484 U.S. 343, 350 n. 7 (1988).

If the Court dismisses Plaintiff's FLSA claims, then it should decline to exercise supplemental jurisdiction over his state-law claims.

### D. Plaintiff's Claims Are Doomed to be Undermined by His Own Assertions.

Considering the facts in the light most favorable to the Plaintiff, even if a reasonable jury takes Plaintiff at his word and accepts his exaggerated calculations, it would still reach the conclusion that Plaintiff fails to establish that the restaurant grossed $500,000.00 annually.

Plaintiff makes the unlikely, embellished claim that he made between 40 and 50 deliveries each day, seven days per week, all by himself, while taking long breaks in between (Pl. Dep. 87:2-10 (admitted there were times when boss did know his whereabouts)); (33:19 (sometimes slow, helped out wrapping won-tons and the like).

Assuming, *arguendo*, that Plaintiff made 50 deliveries daily, 365 days per year, with the average delivery being $10.00 (a fair average because most deliveries were for lesser amounts) (Li Decl. ¶ 5), then such deliveries would total **18,250** deliveries in the year. At $10.00 each, the total amount would be **$182,500**. With eat-in traffic being negligible to none (Li Decl. ¶ 4; Pl. Dep. 31:10-15) and it being undisputed that deliveries accounted for almost all revenue (*Id.*), Defendants would have to generate an additional **$317,500.00** in order to reach $500,000.00. Of course, any reasonable juror would surely conclude that these calculations are unrealistic. It is a foregone conclusion that Defendants' federal tax returns reflect the true amount, and cannot be, and indeed have not been, demonstrably disputed to survive a motion for summary judgment.

## IV.   CONCLUSION

For the reasons set forth above, Defendants respectfully request that their motion be granted in its entirety, and that the Court accordingly issue an order: (a) dismissing Plaintiff's claims under the FLSA with prejudice; (b) dismissing Plaintiff's state law claims; and (c) granting Defendants such other and further relief as the Court deems just, equitable and proper under the premises.

Dated:  April 9, 2018

  /s/  Ricardo R. Morel          .
Ricardo R. Morel, Esq.
3915 Main Street, Suite 318
Flushing, New York 11354
Tel: (424) 362-8960
*Attorney for Defendants*

## **CERTIFICATE OF SERVICE**

I, Ricardo R. Morel, Esq., certify that on the 9th day of April, 2018, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Jian Hang, Esq.
13618 39th Avenue –Suite 1008
Flushing, NY 11354
jhang@hanglaw.com

Howard M. Brown, Esq.
Boston Employment Law PC
1170 Beacon Street – Suite 200
Brookline, MA 02446
hmb@bostonemploymentlaw.com


Dated:  April 9, 2018                                                            /s/  Ricardo R. Morel        .
                                                                                              Ricardo R. Morel, Esq.

11